IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| QUINCY L. JONES, | )   No. 2:04-cr-0109 |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant Quincy L. Jones (Jones) filed a motion to vacate sentence pursuant to 28 U.S.C. §2255, which the Court denied on July 24, 2006. The purpose of this Memorandum Opinion is to explain that a certificate of appealability should not issue because Jones has not made a substantial showing of the denial of a constitutional right.

On February 7, 2005, Jones entered a guilty plea pursuant to a written plea agreement in which he waived "the right to file a motion to vacate sentence, under 28 U.S.C. §2255 . . . ." In addition, Jones testified under oath that he signed, read, and understood all of the content of the plea agreement and that his plea was his own free and voluntary act.

Even had Jones not waived his right to seek relief under 28 U.S.C. §2255, his arguments for vacatur are without merit. First, Jones claims that he was not competent at the time of his guilty plea because of a thyroid condition. But Jones testified that he had not had any drugs, medication, or alcohol, had not been under the care of a physician or psychiatrist, and freely entered a plea after he heard and understood everything the Court said to him. Second, Jones claims that the Court issued an illegal sentence by stating that the sentence was being imposed pursuant to the Sentencing Reform Act of 1984. At sentencing, the Court made clear to Jones

that the Sentencing Guidelines are advisory. Accordingly, Defendant's second argument is frivolous. Finally, Jones makes a bald assertion that his counsel was ineffective. There are no facts to support this allegation and Jones testified that he was satisfied with the assistance counsel had provided him at the time he entered his guilty plea.

In sum, the Court finds that not only has Jones failed to make a substantial showing of the denial of a constitutional right, but he has not raised any issue worthy of further consideration. Accordingly, no certificate of appealability should issue.

BY THE COURT:

*Thos M. Hardiman*

Thomas M. Hardiman
United States District Judge

Dated: August 31, 2006

cc: Quincy L. Jones